United States District Court
Southern District of Texas

**ENTERED**

May 26, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ENYERBER H. Q.,[1] | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-536 |
| | § | |
| WARDEN, PORT ISABEL | § | |
| DETENTION CENTER, *et al.*, | § | |
|     Respondents. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITIONER'S HABEAS PETITION

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. No. 1) ("Petition").[2] Petitioner proceeds pro se, without legal representation.[3] He requests the Court grant the Writ of Habeas Corpus, and either order Respondents to release him immediately or to provide Petitioner with a bond hearing. Dkt. No. 1 at 9. For the following reasons, it is recommended the Court deny the Petition.

Petitioner is a Venezuelan national, currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Center in Cameron County, Texas. Dkt. No. 1 at 1. Petitioner states he entered the United States in September 2022 and maintained a valid work authorization and Social Security number. *Id*. He states his "current detention is the result of a routine traffic stop on April 7, 2026." *Id*. An Immigration Judge ordered Petitioner removed on April 29, 2026. *Id*. at 2. He filed a timely Notice of Appeal with the Board of Immigration Appeals. *Id*. at 2. The appeal remains pending.

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Petitioner simultaneously filed an *Ex Parte* Application for Temporary Restraining Order. Dkt. No. 2. United States District Judge Fernando Rodriguez Jr. issued an order denying the *Ex Parte* Application for Temporary Restraining Order because Petitioner did not satisfy the elements for the requested relief. Dkt. No. 5.

[3] Because Petitioner proceeds pro se, he receives the benefit of liberal construction of his claims. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006).

Petitioner challenges his current detention by immigration authorities on two grounds. Dkt. No. 1 at 8-9.[4] First, Petitioner argues Respondents' statutory authority to detain him should be 8 U.S.C. § 1226(a), and, thus, he should "be afforded a prompt and individualized bond hearing." Dkt. No. 1 at 8. Second, Petitioner argues his detention is prohibited under the Due Process clause "without adequate justification and requires individualized determinations." *Id*. The Court finds neither argument persuasive for the following reasons.

First, Petitioner's challenge to the statutory authority under which he is detained fails, because Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026). Second, Petitioner's challenge to his detention while his appeal to the BIA remains pending fails, because detention "during removal proceedings," even where such detention is without a bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). While the Court has acknowledged the possibility of instances where such detention could strain constitutional limits, *see, e.g.*, *id.* at 532 (Kennedy, J., concurring), Petitioner has not raised that family of issues in this Petition, *see* Dkt. No. 1.

It is therefore recommended that the Court (1) **DENY** the Petition (Dkt. No. 1) and (3) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

---

[4] Petitioner argues in part that the Court's jurisdiction "is further supported by . . . the Suspension Clause of the United States Constitution." This argument is not elaborated on beyond this point. Nevertheless, to the extent Petitioner argues this claim, the Court notes the following: In exercising jurisdiction over Petitioner's habeas petition, the writ of habeas corpus is not functionally suspended, and Petitioner's Suspension Clause claim is thus not viable. *See Jimenez v. Bradford*, Civil Action No. H-25-5853, 2026 WL 922418, at *3 (S.D. Tex. Feb. 10, 2026); *Yuxia Chi v. Warden, Bluebonnet Detention* Facility, No. 1:26-CV-067-H, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on May 26, 2026.

Karen Betancourt
United States Magistrate Judge